Matthias, J.,
 

 concurring. I concur in the affirmance of the judgment of the Court of Appeals.
 

 It is my view, however, that the competency of a witness to testify, when challenged, just as the competency of the proffered testimony of a witness, when objected to, is to be decided by the court, and that for the purpose of determining such question an examination may be conducted by the court. The witness, as in this case, may be competent to testify in reference to some matters and incompetent to testify as to others. To the trial judge is committed the determination of all matters of fact on which the admissibility of evidence or competency of the witness depends. The trial judge should hear any pertinent competent evidence touching the qualifications of the witness including the testimony of the witness himself. 5 Jones Commentaries on Evidence (2 Ed.), 3906, Section 2087; 2 Wigmore on Evidence (3 Ed.), 523, Section 487; and 9 Wigmore on Evidence (3 Ed.), 501, Section 2550.
 

 The trial court in this case refused to give any consideration to any testimony of the plaintiff, adduced out of the presence and hearing of the jury, in any
 
 *210
 
 wise affecting the right of the defendant Nettie Knappe to invoke in her behalf the provisions of Section 11495, Genera] Code. .That right depends entirely upon whether the defendant is a legal assignee of the bonds in question. The right does not arise upon the mere assertion of such defendant by pleading or otherwise that she is an assignee. The benefit of the statute accrues to her only when it is established that she is in fact the assignee of a deceased person.
 

 Hart, J., concurs in the foregoing concurring opinion.